1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5
6   PATRINA HALL,
7           Plaintiff,                        No. C 11-02474 PJH
8        v.                                   **ORDER DENYING REQUEST TO**
                                              **WAIVE FILING FEE**
9   VIRGINIA WELLS, et al.,
10
           Defendants.
11  _____/
12

By order dated June 28, 2011, the court denied plaintiff's application to proceed in forma pauperis and dismissed the complaint. Doc. no. 13. Plaintiff has filed a request to waive the filing fee owed to the court. Doc. no. 14. The filing fee is required by statute and the court is not empowered to waive the filing fee. 28 U.S.C. § 1914(a) ("The clerk of each district court **shall** require the parties instituting any [non-habeas] civil action . . . to pay a filing fee of $350") (emphasis added). Even if in forma pauperis status had been granted, the IFP statute waives *prepayment* of the filing fee, but does not forgive or waive the fee altogether. 28 U.S.C. § 1915(a)(1). *See Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) ("Section 1915(b)(1) says that prisoners are liable for the full fees, but so is every other person who proceeds in forma pauperis; all § 1915(a) does for any litigant is excuse the pre-payment of fees. Unsuccessful litigants are liable for fees and costs and must pay when they are able."); *DeBlasio v. Gilmore*, 315 F.3d 396, 398 (4th Cir. 2003) (section 1915 is intended to allow qualified litigants to proceed without having to *advance* the fees and costs associated with litigation).

\\

Case 4:11-cv-02474-PJH   Document 15   Filed 07/15/11   Page 2 of 2

1  Plaintiff's request to waive the filing fee is therefore denied.  Plaintiff must pay the
2  filing fee when she is able to do so.
3  **IT IS SO ORDERED.**

5  Dated: July 14, 2011

    _____
    PHYLLIS J. HAMILTON
    United States District Judge